UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

VALERIE L.,[1]

       Plaintiff,

  v.                                              20-CV-637-LJV
                                                      DECISION & ORDER
COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

On May 29, 2020, the plaintiff, Valerie L. ("Valerie"), brought this action under the Social Security Act ("the Act"). She seeks review of the determination by the Commissioner of Social Security ("Commissioner") that she was not disabled.[2] Docket Item 13. On February 26, 2021, Valerie moved for judgment on the pleadings, Docket Item 14; on August 6, 2021, the Commissioner responded and cross-moved for

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

[2] Valerie applied for both Social Security Income ("SSI") and Disability Insurance Benefits ("DIB"). One category of persons eligible for DIB includes any adult with a disability who, based on her quarters of qualifying work, meets the Act's insured-status requirements. *See* 42 U.S.C. § 423(c); *see also Arnone v. Bowen*, 882 F.2d 34, 37-38 (2d Cir. 1989). SSI, on the other hand, is paid to a person with a disability who also demonstrates financial need. 42 U.S.C. § 1382(a). A qualified individual may receive both DIB and SSI, and the Social Security Administration uses the same five-step evaluation process to determine eligibility for both programs. *See* 20 C.F.R §§ 404.1520(a)(4) (concerning DIB); 416.920(a)(4) (concerning SSI).

judgment on the pleadings, Docket Item 22; and on August 27, 2021, Valerie replied, Docket Item 23.

For the reasons stated below, this Court grants Valerie's motion in part and denies the Commissioner's cross-motion.[3]

## STANDARD OF REVIEW

"The scope of review of a disability determination . . . involves two levels of inquiry." *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987). The court "must first decide whether [the Commissioner] applied the correct legal principles in making the determination." *Id*. This includes ensuring "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the Social Security Act." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (alterations omitted) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). Then, the court "decide[s] whether the determination is supported by 'substantial evidence.'" *Johnson*, 817 F.2d at 985 (quoting 42 U.S.C. § 405(g)). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability

---

[3] This Court assumes familiarity with the underlying facts, the procedural history, and the decision of the Administrative Law Judge ("ALJ") and will refer only to the facts necessary to explain its decision.

determination made according to the correct legal principles." *Johnson*, 817 F.2d at 986.

## **DISCUSSION**

Valerie argues that the ALJ erred in failing to consider her non-severe mental impairments when formulating her residual functional capacity ("RFC").[4]  Docket Item 14-1 at 21-23.  This Court agrees that the ALJ erred and, because that error was to Valerie's prejudice, remands the matter to the Commissioner.[5]

---

[4] The Commissioner's motion does not address the ALJ's failure to consider Valerie's non-severe mental impairments in her RFC formulation.  The Commissioner addresses only the ALJ's severity determination at step two and makes no mention of her failure to consider non-severe impairments in her RFC.  Docket Item 22-1 at 15-19.

[5] Because this Court remands based on the ALJ's failure to consider non-severe impairments when formulating the RFC, it does not address Valerie's other objections. The Court observes, however, that the ALJ gave "little weight" to every psychiatric and psychological consultant's opinion based largely on the ALJ's observations of the raw medical records.  *See* Docket Item 13 at 27.  Because the ALJ is not a medical professional, disagreeing with physicians and psychologists based on raw medical data is beyond her area of expertise.  *See Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) ("[T]he ALJ cannot arbitrarily substitute h[er] own judgment for competent medical opinion. . . . [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, [s]he is not free to set h[er] own expertise against that of a physician who [submitted an opinion to or] testified before h[er].")(internal quotation marks and citations omitted).

Moreover, the reasons given by the ALJ for her disagreement do not pass muster.  For example, the ALJ gave little weight to "the opinions of psychological consultants . . . that [Valerie's] depression was severe and that she had limitations in maintaining a schedule, interacting with others, and responding appropriately to changes in the work setting."  Docket Item 13 at 27.  As her reasons, the ALJ observed that "[t]he record does not disclose any psychiatric hospitalization or inpatient mental health treatment" and that Valerie's "examinations in general reflect sadness and anxiety, but normal thought processes, intact insight and judgment, and cooperative behavior."  *Id.*  Someone who has never been hospitalized for mental health issues, however, might still have a difficult time maintaining a schedule and interacting with others; someone who is cooperative and has normal thought processes and intact insight and judgment might still have problems responding appropriately to changes in

I. **MENTAL RFC ANALYSIS**

"[S]tep two of the Commissioner's five-step analysis . . . requires the ALJ to determine whether [a] mental impairment is 'severe' or 'not severe.'" *Wells v. Colvin*, 727 F.3d 1061, 1064 (10th Cir. 2013) (quoting 20 C.F.R. §§ 404.1520a(b)-(d), 416.920a(b)-(d)). "But the regulations also instruct that even if the ALJ determines that a claimant's medically determinable mental impairments are 'not severe,' [s]he must further consider and discuss them as part of [her RFC] analysis at step four." *Id*. In other words, the ALJ "must consider the combined effect of all the claimant's medically determinable impairments, *whether severe or not severe*." *Id*. at 1065 (emphasis in original).

Moreover, "the ALJ's 'RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence.'" *Id*. (quoting SSR 96-8p, 1996 WL 374184, at *7). Even when an ALJ uses "language suggesting [s]he had excluded [mental impairments] from consideration as part of h[er] RFC assessment[] based on h[er] determination of non-

---

the work setting. The point is that the ALJ—and this Court, for that matter—does not have the expertise to evaluate the raw data so as to disagree with all the experts. On remand, the ALJ therefore should either base the RFC on the opinion of a medical professional or provide logical explanations, grounded in the record, for her disagreement with all of them. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (Although "remand is not always required when an ALJ fails in h[er] duty to request [medical] opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," remand is appropriate where the record is not otherwise complete).

severity" at step two, she still must explicitly analyze the non-severe impairments as part of her RFC analysis, *see id*., unless she finds "at step two that a medically determinable impairment posed *no* restriction on the claimant's work activities," *id*. at 1065 n.3.  So even if the ALJ finds only "'mild' restrictions" resulting from a non-severe impairment, the ALJ still must address those restrictions as part of her RFC analysis.  *Id*.  And when the ALJ fails to address non-severe mental impairments in formulating a claimant's RFC, it is "necessary to remand [the] case for further consideration."  *Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012).

      Here, the ALJ found that Valerie had "mild limitation[s]" in two areas of mental functioning: "concentrating, persisting, or maintaining pace" and "adapting or managing oneself."  Docket Item 13 at 28.  But the ALJ did not address those mild limitations in her RFC formulation.  *Id.* at 29-32.  Indeed, the ALJ did not even mention mental issues in the RFC analysis, nor did she incorporate any restrictions based on the acknowledged mental limitations into the RFC.  *Id.*

      In her step two analysis, the ALJ noted that "the following [RFC] assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis."  *Id.* at 28-29.  But that conclusory assertion is insufficient to satisfy the Commissioner's own requirement that the "RFC assessment . . . include a narrative discussion describing how the evidence *supports each conclusion*, citing specific medical facts [e.g., laboratory findings] and nonmedical evidence [e.g., daily activities, observations]."  *Wells*, 727 F.3d at 1069 (emphasis in original) (quoting SSR 96-8p, 1996 WL 374184, at *7).

In fact, the Tenth Circuit has found a statement similar to the ALJ's here to be "inadequate under the regulations and the Commissioner's procedures." *Id.* at 1069. In *Wells*, "after stating his conclusion that [a claimant's] mental impairments were non-severe, the ALJ stated that 'these findings do not result in further limitations in work-related functions in the RFC assessment below.'" *Id.* (quoting the record). The conclusory reference to the RFC assessment rejected by the court in Wells is substantively identical to the conclusory reference that the ALJ made at step two in this case. And it is insufficient for the same reason.

What is more, the RFC itself—like the RFC analysis—never even mentioned the "mild limitations" caused by Valerie's anxiety and adjustment disorders that the ALJ acknowledged at step two. If Valerie's RFC had included some restrictions reflecting the mild mental limitations that the ALJ found at step two, this Court might conclude that any error in failing to explicitly analyze the mental impairments at step four was harmless. But because the RFC included no mental restrictions or limitations whatsoever, *see* Docket item 13 at 29,[6] this Court cannot be certain that the ALJ even considered Valerie's non-severe mental limitations. And under such circumstances, the Second Circuit has held that remand is necessary "for further consideration because the ALJ failed to account [for the plaintiff's] mental limitations when determining her RFC." *Parker-Grose*, 462 F. App'x at 18.

---

[6] In assessing Valerie's RFC, the ALJ determined that she could perform medium work as defined in 20 C.F.R. § 404.1567(c), except that she can "frequently climb stairs and ramps; occasionally climb ladders, ropes, or scaffolds; and frequently stoop, kneel, balance, crouch, and crawl." Docket Item 13 at 29.

6

In sum, at step two the ALJ acknowledged that Valerie had non-severe mental limitations, but she did not incorporate those limitations into the RFC, nor did she explain why it was not necessary to incorporate them.  Because the ALJ must consider all limitations—severe and non-severe—in the RFC analysis at step four, that was error requiring remand.  See *Parker-Grose*, 462 F. App'x at 18.

## II.  ARGUMENT RAISED ON REPLY

In her reply brief, Valerie argues for the first time that remand is warranted so that the Commissioner can consider new and material evidence unavailable at the time of the initial decision.  Docket Item 23 at 2-4.  This Court will not consider arguments raised for the first time in reply papers.[7]  See *Majdandzic v. Comm'r of Soc. Sec.*, 2018 WL 5112273, at *5 (W.D.N.Y. Oct. 19, 2018).

---

[7] The Court also will not consider the remaining arguments "raised by [Valerie] because [her physical RFC] may be affected by the ALJ's treatment of this case on remand."  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); see also *Bonet ex rel. T.B. v. Colvin*, 2015 WL 729707, at *7 (N.D.N.Y. Feb. 18, 2015) ("Given the need to apply the proper legal standard, the Court will decline at this time to consider whether substantial evidence exists to support the findings the ALJ made.").

**CONCLUSION**

The Commissioner's motion for judgment on the pleadings, Docket Item 22, is DENIED, and Valerie's motion for judgment on the pleadings, Docket Item 14, is GRANTED in part and DENIED in part.  The decision of the Commissioner is VACATED, and the matter is REMANDED for further administrative proceedings consistent with this decision.

SO ORDERED.

Dated:	February 10, 2022
	Buffalo, New York


　　　　　　　　　　　　　　　　　　　　 */s/ Lawrence J. Vilardo*
　　　　　　　　　　　　　　　　　　　　LAWRENCE J. VILARDO
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE