UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VALERIE L.,[1]

       Plaintiff,

  v.                                        20-CV-637-LJV
                                                  DECISION & ORDER

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____

      The plaintiff, Valerie L., is a prevailing party in this Social Security benefits action. Her counsel has moved for attorney's fees under 42 U.S.C. § 406(b)(1)(A). Docket Item 28. The defendant "requests that the Court determine the timeliness and reasonableness" of Valerie's counsel's fee petition. Docket Item 30 at 5.

**I.    TIMELINESS**

      A motion under 42 U.S.C. § 406(b)(1)(A) must be filed within 14 days of the claimant's receiving a notice of award. *See Sinkler v. Berryhill*, 932 F.3d 83, 87-88 (2d Cir. 2019). And under Federal Rule of Civil Procedure 6, a mailed document is deemed received three days after mailing. *See* Fed. R. Civ. P. 6(d).

---

[1] To protect the privacy interests of Social Security litigants while maintaining public access to judicial records, this Court will identify any non-government party in cases filed under 42 U.S.C. § 405(g) only by first name and last initial. Standing Order, Identification of Non-government Parties in Social Security Opinions (W.D.N.Y. Nov. 18, 2020).

The Social Security Administration issued Valerie a notice of award on May 18, 2023.  Docket Item 28-4.  Because Valerie's counsel moved for attorney's fees on May 31, 2023, Docket Item 28, the petition is timely.

## II.     REASONABLENESS

Section 406(b)(1)(A) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

Valerie was awarded $42,111.00 in past-due benefits.  Docket Item 28-4.  Her counsel seeks $10,527.75 in fees, Docket Item 28, which is 25% of the past-due benefits and consistent with the contingent-fee agreement that provides for attorney's fees in the amount of 25% of any recovery, Docket Item 28-2.

Having reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in Social Security law, the character of the representation provided, and the favorable results achieved.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002).  Moreover, there is no indication that this fee is a windfall.[2]  *Id.*  The $10,527.75 fee request therefore is granted under 42 U.S.C. § 406(b)(1)(A).

---

[2] The Second Circuit recently clarified the factors that a court should consider when analyzing "whether a requested fee would result in a 'windfall.'" *Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022).  Those factors are: (1) "the ability and expertise of the

By stipulation approved and ordered on April 22, 2022, this Court previously awarded Valerie's counsel $6,800.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Docket Items 26, 27.  Because the fees granted above exceed the EAJA fees, Valerie's counsel must refund the EAJA fees to her.  *See Wells v. Bowen*, 855 F.2d 37, 42 (2d Cir. 1988).

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b)(1)(A) in the amount of $10,527.75, Docket Item 28, is GRANTED; and it is further

ORDERED that Valerie's counsel shall refund the $6,800.00 in EAJA fees to Valerie within 14 days of the entry date of this decision and order.

---

lawyers and whether they were particularly efficient"; (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level"; (3) "the satisfaction of the disabled claimant"; and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Id.* at 854-55.  Here, consideration of those factors leads this Court to conclude that the fee request of $10,527.75 will not result in a windfall.  Nor does the hourly rate of about $307 weigh against approving the fee here.  *See id.* at 854 ("[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case.").

SO ORDERED.

Dated: August 30, 2023
         Buffalo, New York

                                              */s/ Lawrence J. Vilardo*
                                              LAWRENCE J. VILARDO
                                              UNITED STATES DISTRICT JUDGE